# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTEIRREZ, | CASE NO. 1:11-cv-00827 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DEPUTY NORTON, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pelican Bay State Prison, brings this civil rights against officials employed by the Kern County Sheriff's Department. The events at issue occurred at the Kern County Detention Facility, where Plaintiff was housed at the time. Plaintiff names as defendants Kern County Jail officials.

Plaintiff alleges that deputies at the Kern County Jail threatened Plaintiff, telling Plaintiff that they would kill him if he opened his mouth. Plaintiff alleges that he was charged with hitting a custodial officer, and sentenced to prison as a result. Plaintiff alleges that while incarcerated, he was "beat up" by the same deputies that charged him with hitting a custodial officer. Plaintiff seeks as relief damages and release from custody.

    **A.     Excessive Force**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

1  (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection
2  can be established not only by some kind of direct, personal participation in the deprivation, but also
3  by setting in motion a series of acts by others which the actor knows or reasonably should know
4  would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

5        The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments
6  Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).
7  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort
8  to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S.
9  at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic
10 use of force to cause harm always violates the Eighth Amendment, regardless of whether or not
11 significant injury is evident. Id. at 9-10; *see also* Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002)
12 (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis
13 injuries)).

14       Here, the Court finds Plaintiff's allegations to be vague. Plaintiff can not state a claim by
15 simply alleging that jail officials "beat him up." Plaintiff must allege facts as to each of the named
16 defendants. Plaintiff need not, however, set forth legal arguments in support of his claims. In order
17 to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
18 that defendant is employed and in what capacity, and explain how that defendant acted under color
19 of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must
20 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

21       **B.**    **Early Release**

22       Although unclear from the complaint, it appears that Plaintiff is challenging the validity of
23 his underlying criminal offense. When a prisoner challenges the legality or duration of his custody,
24 or raises a constitutional challenge which could entitle him to an earlier release, his sole federal
25 remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907
26 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

27       Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss
28 the claim without prejudice for failure to exhaust, rather than converting it to a habeas and

addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984). Any challenge to Plaintiff's underlying criminal conviction should be brought as an application for writ of habeas corpus.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.     The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 28, 2011**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE