UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO GUTIERREZ, | ) | 1:11-cv-00827-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITH LEAVE TO FILE A HABEAS PETITION |
| vs. | ) | |
| | ) | (Doc. 14.) |
| C. NORTON, et al., | ) | |
| | ) | |
| Defendants. | ) | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.  BACKGROUND

Mario Gutierrez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on May 11, 2011 at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.) On May 20, 2011, the case was transferred to the Fresno Division of the Eastern District. (Doc. 4.)

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on December 28, 2011, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On February 6, 2012, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 14.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the Amended Complaint allegedly occurred while Plaintiff was housed at the Kern County Detention Facility. Plaintiff names as defendants Deputy Crash and Deputy Norton, Kern County Jail officials.

Plaintiff alleges in the Amended Complaint that defendants assaulted him at the Kern County Detention Center for no reason, and then charged him with assaulting an officer during an attempt to escape, which resulted in a twenty-five-year-to-life conviction. Plaintiff also alleges that the District Attorney failed to remove information from the computer erroneously indicating a prior strike against Plaintiff, which resulted in Plaintiff's deportation to Mexico.

Plaintiff also appears to challenge the validity of the charges against him for which he was being detained at the Kern County Detention Center. Plaintiff alleges that in 1998, when he was working in construction, he "got attack (*sic*) by Kern County I was arguing with the officer thers (*sic*) a mistake is not me he said I have to take you in Kern County gots (*sic*) a wornt (*sic*) for your arrest when I got to Kern County the victims were saying is not him the witnesses were saying is not him on their own words they said we are positive is not him the D.A. attacked me sending me to a prison." (Amd Cmp, Doc. 14 ¶IV.)

Plaintiff requests monetary damages and the return of his American life with "a job making 2500 a week," two houses, and a camping house. (Id. ¶V.)

## IV.    HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the Complaint, Plaintiff clearly challenges his conviction and sentence. He seeks as relief monetary damages and the return to his life before the conviction. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, Plaintiff's sole federal remedy is a writ of habeas corpus, and the Court shall recommend the dismissal of this action, with leave to file a petition for writ of habeas corpus.

## V.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted under § 1983. The Court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave

to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, the Court finds that Plaintiff may be able to state a habeas corpus claim. Therefore, the Court recommends that Plaintiff's case be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983, with leave to file a petition for writ of habeas corpus; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 28, 2012**                     **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

4